USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/12/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BTIG, LLC,

                Plaintiff,

    -against-

DEBAYAN BHADURI,

               Defendant.

1:24-cv-04869-MKV

**ORDER**

MARY KAY VYSKOCIL, United States District Judge:

    On June 27, 2024, Plaintiff commenced this action by filing a Complaint. [ECF No. 1]. Over one month later, on August 9, 2024, Plaintiff filed a motion seeking a temporary restraining order (the "Motion"). [ECF No. 11]. To date, neither the Complaint nor the Motion has been served on Defendant and Defendant has not appeared in this action.

    This Court's Individual Rules require that "[a] party must confer with his or her adversary before making an application for a temporary restraining order unless the requirements of Fed. R. Civ. P. 65(b) are met," "so that the Court may have the benefit of advocacy from both sides in deciding whether to grant temporary injunctive relief." *See* Individual Rule 6.B. A party seeking such relief is further required to "call Chambers . . . and state clearly whether (i) he or she has notified the adversary, and whether the adversary consents to temporary injunctive relief; or (ii) the requirements of Fed. R. Civ. P. 65(b) are satisfied and no notice is necessary." *Id.*

    Plaintiff appears to have conferred with Defendant regarding its Motion and Defendant did not consent to the relief requested therein. [ECF No. 13-31]. However, Defendant has not appeared in this action, and, accordingly, the Court cannot order Defendant to brief its position on the Motion or set a date for an adversarial hearing on the Motion. Any ruling on the Motion would necessarily be *ex parte*. The Motion does not demonstrate an entitlement to the extraordinary relief

of an *ex parte* temporary restraining order pursuant to Rule 65(b), which requires that "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b); *see Rodo Inc. v. Guimaraes*, No. 22-CV-9736 (VSB), 2023 WL 2734464, at *1 (S.D.N.Y. Mar. 30, 2023). Indeed, Defendant has been given notice and the parties' correspondence contemplates a hearing. [ECF No. 13-31].

Accordingly, IT IS HEREBY ORDERED that the Court DENIES the Motion for a temporary restraining order without prejudice to renewal following service of the Complaint upon Defendant and Defendant's appearance in this action.

Following proper service and Defendant's appearance, Plaintiff may renew its motion for a temporary restraining order or other injunctive relief. The Court will thereafter set a briefing schedule. After receiving and reviewing the parties' full briefing, the Court will determine whether a hearing is appropriate or necessary.

**Failure to comply with this Court's Orders and/or deadlines, Individual Rules of Practice, or Local Rules may result in sanctions, including monetary penalties, preclusion of information not provided, or preclusion and/or dismissal of claims or defenses.**

The Clerk of Court is respectfully requested to terminate docket entry number 11.

**SO ORDERED.**

**Date: August 12, 2024**
**New York, NY**

                    **MARY KAY VYSKOCIL**
                    **United States District Judge**